## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NELSON GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23-CV-14281 |
| v. | ) | |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Nelson Gonzalez's lawsuit revolves around his claims that Chicago Police Officer Reynaldo Guevara and four other police officers (including one who is deceased) (collectively, the "Defendant Officers") wrongfully procured the 1993 murder conviction of Plaintiff in connection with the July 1993 death of Jose Mendoza. First Amended Complaint [ECF No. 37]. Plaintiff received a 45-year sentence for that crime, including 23 years he served in the custody of the Illinois Department of Corrections, but he was ultimately exonerated of Mendoza's murder and issued a certificate of innocence in 2023. [*Id.*] Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 including that the Defendant Officers violated his constitutional rights by, among other things, manipulating the lineup in order to secure an identification of Plaintiff, fabricating evidence, and withholding exculpatory evidence that would have demonstrated Plaintiff's innocence at trial. [*Id.*]

Currently before the Court is Plaintiff's Motion to Compel Cook County State's Attorney's Office to Produce Unredacted Documents [ECF No. 106] ("Motion"). The Motion seeks to compel third party subpoena respondent Cook County State's Attorney's Office ("CCSAO" or "Third Party Respondent") to produce various categories of documents in full or unredacted form that CCSAO has withheld on privilege or other grounds.

## I.      LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). A party claiming that otherwise discoverable information is privileged must "expressly make the claim," and "describe the nature of the documents, communications, or tangible things ... in a manner ... that will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A); *see also* FED. R. CIV. P. 45(e)(2)(A). The burden rests upon the party objecting to disclosure to show why the information is privileged and should not be produced. *See Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). District courts have broad discretion when ruling on discovery-related issues. *See Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 629 (7th Cir. 2008); *see also* FED. R. CIV. P. 37(a).

Rule 45 governs the use of subpoenas, although "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Andersen v. City of Chicago*, No. 16 C 1963, 2019 WL 423144, at *2 (N.D. Ill. Feb. 4, 2019) (citing *Williams v. Blagojevich*, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008) and Advisory Committee Notes regarding 1991 Amendments to Rule 45(a)(2)). Rule 45(d)(3)(iii) provides, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies . . ." Fed. R. Civ. P. 45(d)(3)(A)(iii).

## II.    ANALYSIS

### A. Deliberative process privilege.

Plaintiff seeks to compel CCSAO to produce documents that CCSAO is withholding or has redacted based on the assertion of a deliberative process privilege. Motion [ECF No. 106] at 9-12. In response, CCSAO withdrew its assertion of the deliberative process privilege as to certain documents, leaving 22 pages of documents at issue. Third Party Respondent CCSAO's Response to Motion to Compel [ECF No. 110] ("Response") at 5 n.1. The documents were submitted to the Court for *in camera* review.

"The deliberative process privilege is a qualified privilege that protects communications that are part of the decision-making process of a governmental agency and applies to the deposition testimony of government employees as well as document production requests." *See Connelly v. Cook Cnty. Assessor's Off.*, No. 19 CV 7894, 2022 WL 17718411, at *6 (N.D. Ill. Dec. 15, 2022) (internal citations omitted).

It "serves to protect the quality of the flow of ideas within a government agency." *United States v. Bd. of Educ. of the City of Chi.*, 610 F. Supp. 695, 697 (N.D. Ill. 1985); *accord United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) ("Since frank discussion of legal and policy matters is essential to the decisionmaking process of a governmental agency, communications made prior to and as a part of an agency determination are protected from disclosure."). To this end, the privilege shields "communications that are part of the decision-making process of a governmental agency," *Farley*, 11 F.3d at 1389 (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-52 (1975). These communications include "advisory opinions, recommendations[,] and deliberations comprising part of the process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 9 (2001) (citing *Sears, Roebuck & Co.*, 421 U.S. at 150).

The deliberative process privilege applies if the information sought is both "'predecisional'—generated before the adoption of an agency policy—and 'deliberative'—reflecting the give and take of the consultative process." *Holmes v. Hernandez*, 221 F. Supp. 3d 1010, 1016 (N. D. Ill. 2016) (quoting *Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Indem. Ins. Co. of N. Am.*, 1989 WL 135203, at *2 (N.D. Ill. Nov. 1, 1989)); *see also Patrick v. City of Chicago*, 111 F. Supp. 3d 909, 915 (N.D. Ill. 2015). The privilege does not extend to "factual or objective material," or to information that "an agency adopts ... as its position on an issue." *Id.* (quoting *Cont'l Ill.*, 1989 WL 135203, at *2); *accord Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374 (7th Cir. 2004). Neither does the privilege extend to "[c]ommunications made subsequent

to an agency decision...." *Holmes*, 221 F. Supp. 3d at 1016 (quoting *Farley*, 11 F.3d at 1389). Courts have said, however, that although the deliberative process privilege "does not justify the withholding of purely factual material, or of documents reflecting an agency's final policy decisions ... it does apply to predecisional policy discussions, and to factual matters inextricably intertwined with such discussions," *Patrick*, 111 F. Supp. 3d at 915, *citing Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374-75 (7th Cir. 2004) (discussing the application of the deliberative process exemption under the Freedom of Information Act).

There is a two-step process for determining whether the deliberative process privilege applies. *Holmes*, 221 F. Supp. 3d at 1016; *Patrick*, 111 F. Supp. 3d at 915-916. First, the government must show that the privilege applies to the documents at issue. *Holmes*, 221 F. Supp. 3d at 1016; *see also Evans*, 231 F.R.D. at 316; *Ferrell v. U.S. Dep't of Hous. and Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998). If the government makes out a *prima facie* case that the privilege applies, then the burden shifts to the party seeking disclosure to establish "a particularized need" for the documents and that the party's need for the document outweighs the government's interest in confidentiality. *Holmes*, 221 F. Supp. 3d at 1016 (quoting *Farley*, 11 F.3d at 1389; *Ferrell*, 177 F.R.D. at 429); *Patrick*, 111 F. Supp. 3d at 915.[1]

---

[1] CCSAO fails to respond to Plaintiff's cited authority that the work product doctrine is unavailable to CCSAO in the context of this case. *See, e.g.*, *Williams v. City of Chicago*, 2023 WL 6213716, at *3 (N.D. Ill. Sept. 25, 2023) (declining "to stray from the clear line of cases holding that 'the work product doctrine does not protect a prosecutor's files in a subsequent, related civil action.'") (internal citations omitted). Accordingly, the Court finds CCSAO's work product objection does not provide a valid basis for withholding documents identified on its privilege log.

**B. No waiver of privilege or objections based on delay.**

Plaintiff argues CCSAO has waived all of its objections and therefore must produce all the documents withheld or redacted listed on its privilege log. Motion [ECF No. 106] at 5-8. Plaintiff says CCSAO's objections were not timely raised within 14 days of when Plaintiff issued his subpoena, and that CCSAO's objections were not stated with sufficient specificity in its privilege log.

The Court declines to find a blanket waiver of CCSAO's objections based on delay. The timeline presented by the parties shows that Plaintiff issued his subpoenas to CCSAO on September 20, 2024, although the Defendant Officers had sought substantially the same information in previous subpoenas to CCSAO issued in May and June 2024. Motion [ECF No. 106] at 5; Response [ECF No. 110] at 2-3. According to CCSAO, it requested an extension of time to respond to Plaintiff's subpoenas on September 24, 2024. [*Id.*] (citing Exhibit 7, [ECF No. 110-7]). CCSAO contends on October 18, 2024 it produced to Plaintiff the same documents it previously provided to the Defendant Officers, as well as a privilege log, [*id.*], but Plaintiff says the documents and privilege log were not provided by CCSAO until November 7, 2024, almost three weeks later. *See* Motion [ECF No. 106] at 5. Neither party clarifies the discrepancy in the briefs filed with respect to the Motion.

"[T]he decision concerning the waiver of a privilege based on a privilege log is discretionary." *Belcastro v. United Airlines, Inc.*, 2019 WL 1651709, at *5 (N.D. Ill. Apr. 17, 2019), *objections overruled*, 2020 WL 1248343 (N.D. Ill. Mar. 15, 2020) (declining to find party waived privilege due to deficiencies and delays). Based on this record, the Court finds, in its discretion, that a finding of blanket waiver by CCSAO

is not warranted. Plaintiff does not respond to CCSAO's citation to exhibits suggesting it had at least attempted to serve its documents and privilege log several weeks earlier than Plaintiff claims, nor does Plaintiff address CCSAO's argument that it had requested an extension of time to respond to Plaintiff's subpoenas. In the Court's view, the record reflects that CCSAO participated in the discovery process as a third party, ultimately produced documents and a privilege log to Plaintiff in response to his subpoenas within less than two months of issuance of the subpoenas, and engaged in discussions with Plaintiff about the discovery disputes. *See Loughnane v. Zukowski, Rogers, Flood & McArdle*, 2019 WL 13073480, at *11 (N.D. Ill. Dec. 2, 2019) ("In the exercise of the Court's discretion, therefore, Defendants' delay in responding to Plaintiff's discovery requests was not unreasonable under the circumstances and does not result in a waiver or forfeiture of valid objections."). Although Plaintiff invites the Court to find a blanket waiver based on Plaintiff's contention that CCSAO has engaged in a pattern of dilatory behavior not only in this case but also in other cases in this district, the Court declines to do so.

### C. CCSAO must amend its privilege log and supporting declaration

CCSAO has failed, however, to meet its burden to make a *prima facie* case for the assertion of the deliberative process privilege. As an initial matter, CCSAO's privilege log fails to adequately explain the basis for CCSAO's assertion of the deliberative process privilege. The Court agrees with Plaintiff, for example, that identifying the dates when documents were written or prepared may be crucial to understanding whether the withheld document or information is pre- or post-

decisional for purposes of assessing the deliberative process privilege claim, and the CCSAO failed to do that uniformly here. Plaintiff's Reply in Support of Plaintiff's Motion to Compel Cook County State's Attorney's Office [ECF No. 114] ("Reply") at 4; *see Hill v. City of Chicago*, 2015 WL 12844948, at *3–5 (N.D. Ill. May 28, 2015) ("Because there is no date reflecting when this document was drafted and the CCSAO's description of the document does not reference the decision to approve felony charges, the Court cannot conclude that the deliberate process privilege applies to Document # 133-134."). In addition, CCSAO's description of the basis for its assertion of a deliberative process privilege is generally too vague and imprecise to allow the privilege claim to be fully assessed. *See*, *e.g.*, CCSAO Privilege Log [ECF No. 106-2] at 21 (referring generically to "Handwritten ASA Notes of trial preparation, mental impression and strategy"). In addition, where CCSAO does not identify a particular decision that was being considered, it is difficult to assess how any protected deliberative process is revealed in the document.

CCSAO's supporting declaration from Assistant State's Attorney Lyle K. Henretty only serves to raise additional questions. Indeed, while Mr. Henretty's declaration asserts the withheld and redacted documents "all contain notes taken prior to and contemporaneously with the prosecution of Plaintiff Nelson Gonzalez," [ECF No. 110-9], that appears to be flatly inaccurate based on the Court's *in camera* review of the documents. Rather, some of the withheld documents on their face seem to have been created in a post-conviction context. CCSAO's Response also contains a general description of the types of documents withheld on privilege grounds, but the

brief contains language that is virtually identical to that in a brief filed by CCSAO in another case describing documents that were withheld in that case.[2] In addition, some of the documents being withheld, including documents identified by CCSAO as containing handwritten notes, nevertheless seem to be merely summaries of court proceedings or exhibit lists, identification of witnesses, legal research, or other information that does not seem to relate to any deliberative process or decision. *See Saunders v. City of Chicago*, 2015 WL 4765424, at *14–15 (N.D. Ill. Aug. 12, 2015) ("The reinvestigation documents that were withheld include a handful of handwritten notes. Some of these simply list names, phone numbers and case numbers . . . Another page of handwritten notes is a list of entities to subpoena and records to request . . . None of these documents qualifies for protection under the deliberative process privilege."). CCSAO cannot meet its burden under the law simply by describing a document as "handwritten notes" with "mental impressions" in a vacuum. *See Patrick v. City of Chicago*, 111 F. Supp. 3d 909, 916–17 (N.D. Ill. 2015). Further, with respect to a number of the documents being withheld, it is difficult for the Court to see how those handwritten notes contain "mental impressions." Particularly without more context or explanation, it is difficult to see how much of what is being withheld would be encompassed by the deliberative process privilege.

CCSAO also does not describe the basis for withholding post-conviction documents. Neither Mr. Henretty's declaration nor CCSAO's Response explains the

---

[2] That portion of the Response here also refers to the motion to compel in this case as brought by Defendant Officers, rather than Plaintiff. Response [ECF No. 110] at 7; compare *Cruz v. Guevara, et al.*, No. 23-cv-04268, Dkt. 147 at 5 (quoting CCSAO briefing on a motion to compel documents withheld on deliberative process privilege grounds).

basis for CCSAO's deliberative process privilege assertion as to those documents. Although CCSAO cites case law and hearing transcripts from other cases addressing the deliberative process privilege in the context of post-conviction proceedings, Response [ECF No. 100] at 7, it provides no arguments or factual information to support the application of any reasoning in those authorities to the documents at issue here.

The Court could order the CCSAO to produce the documents being withheld on the basis that it has failed to establish a *prima facie* case to support its position. In its discretion, however, the Court declines at this time to find CCSAO waived any deliberative process privilege based on the deficiencies in its privilege log or in the declaration and arguments it submits in its Response. Rather, the Court orders CCSAO to do what it should have done in the first instance: provide enough information to permit the Court to fully assess the assertion of the deliberative process privilege over the documents (or redacted portions of documents) being withheld. The Court, therefore, orders CCSAO to submit an amended privilege log and revise Mr. Henretty's declaration to more specifically describe the documents being withheld or the specific portions of documents being redacted based on the deliberative process privilege, including by identifying date(s) and author(s) where possible, the context in which the documents were created or the purpose for which they were created, and by clarifying the basis for its assertion of deliberative process privilege including in particular as to post-conviction documents. If CCSAO does not

meet its burden the second time around, then the Court will seriously consider whether it has waived the ability to do so.

### D. CCSAO must produce LEADS documents

Plaintiff also seeks to compel disclosure of withheld documents identified by CCSAO in its privilege log as "LEADS" information. Motion [ECF No. 106] at 12-13; *see* CCSAO Privilege Log [ECF No. 106-2] at 11, 13 (identifying two documents, CCSAO 000996 and CCSAO 001060-2, as "LEADS"). According to the parties, LEADS data are criminal records and background check information generated and maintained by the Illinois State Police for dissemination to designated criminal justice agencies like the Chicago Police Department and CCSAO. Motion [ECF No. 106] at 12-13; Response [ECF No. 110] at 10. Plaintiff does not specifically describe the relevance of LEADS data in his Motion, although CCSAO does not dispute the relevance of these documents in its Response. In Reply, Plaintiff cites authority that criminal history information can be used to impeach witness credibility under Federal Rule of Evidence 609 and says the LEADS information at issue is "relevant and necessary for the probable cause inquiry at issue here." Reply [ECF No. 114] at 7.

CCSAO identifies 20 Ill. Admin. Code § 1240.80(d) as the sole basis for withholding LEADS data in its privilege log. *See* CCSAO Privilege Log [ECF No. 106-2] at 11, 13. CCSAO does not, however, identify any specific provisions in this Illinois regulation that limit or restrict discovery of LEADS documents or information in federal court. Moreover, it appears the cited section of the Illinois Administrative

Code addresses criteria for obtaining full access to the LEADS system, which is not at issue here, where Plaintiff seeks the production of specific LEADS data related to his case. *See* 20 Ill. Admin. Code § 1240.30.

Although not identified as a basis for withholding LEADS documents in its privilege log, CCSAO now cites federal regulations that it says bars improper disclosure of criminal history record information stored by states. *See* Response [ECF No. 110] at 10 (citing 28 CFR § 20.20, and § 20.25). Again, CCSAO does not identify any regulations that bar production of such records in response to a subpoena or court order in federal court. Moreover, although CCSAO claims that it would be subject to penalties if it produced LEADS data in this case, it does not identify any instances where such penalties were threatened or imposed, including in prior cases where CCSAO produced LEADS data in response to a subpoena or court order. *See Martinez v. Guevara, et al.*, No. 23-cv-01741, Dkt. 203 at 13-15 (noting same). Nor does CCSAO address prior decisions in this district ordering LEADS data to be produced. *See Schaeffer v. City of Chicago*, 2020 WL 7395217, at *2–3 (N.D. Ill. Dec. 15, 2020) (Gilbert, J.) ("LEADS data is not protected by any cognizable federal privilege authorizing the withholding of the documents at issue here."); *see also Cruz v. Guevara, et al.*, No. 23-cv-04268, Dkt. 147 at 12; *Martinez*, No. 23-cv-01741, Dkt. 203 at 13-15.

For all of these reasons, the Court grants Plaintiff's motion to compel production of the withheld LEADS documents subject to any confidentiality

designations by CCSAO pursuant to the Confidentiality Protective Order already entered in this case. [ECF No. 91].

### E. CCSAO must produce line up documents

Plaintiff also seeks to compel line up photos and other related line up materials. Motion [ECF No. 106] at 13-14; *see* CCSAO Privilege Log [ECF No. 106-2] at 5, 6, 21 (identifying CCSAO 000627-8 and CCSAO 001717 as "lineup"; identifying CCSAO 000683, 000685, 000690, 000691 as "line up photos"). Plaintiff says these documents are relevant to his claim that the Defendant Officers engaged in unduly suggestive conduct during the line ups related to the prosecution of Plaintiff. Motion [ECF No. 106] at 13-14.

In its privilege log, CCSAO identifies 725 ILCS 5/107A-2(i) as the sole basis for withholding line up documents. *See* CCSAO Privilege Log [ECF No. 106-2] at 5, 6. 21. This Illinois statutory provision generally governs procedures for conducting line ups and provides that "photographs, recordings, and the official report of the lineup . . . shall be disclosed to counsel for the accused" and that "[a]ll photographs of suspected perpetrators shown to an eyewitness during a lineup shall be disclosed to counsel for the accused." 725 ILCS 5/107A-2(i). While CCSAO notes Plaintiff is no longer "the accused" such that production of the line up photos is required by Illinois law, Response [ECF No. 110] at 11, Plaintiff is seeking this discovery under the Federal Rules of Civil Procedure. The Illinois law cited by CCSAO does not include any restrictions on production of line up photos or other related materials in discovery in federal court.

Finally, CCSAO argues that the purpose of the Illinois statute is to protect the privacy of people used in line up photos and requests that if this Court orders line up materials to be produced, the Court also should enter a protective order "along the lines of Illinois Supreme Court Rule 415." [*Id.*] at 11-12. There already is a protective order in this case [ECF No. 91] and CCSAO does not articulate any reason why that protective order is insufficient.

Accordingly, the Court grants Plaintiff's motion to compel production of the line up related materials identified in CCSAO's privilege log, subject to any confidentiality designations by CCSAO pursuant to the Confidentiality Protective Order in this case. [ECF No. 91].

### F. CCSAO must produce medical records

Plaintiff seeks to compel production of medical records for the victim, Jose Mendoza, that were withheld by CCSAO based on "HIPAA & the Illinois Mental Health and Developmental Disabilities Act 740 ILCS 110/10." Motion [ECF No. 106] at 14; *see* CCSAO Privilege Log [ECF No. 106-2] at 14-18.

As an initial matter, the Court notes that CCSAO appears to have withheld Plaintiff's own medical records from him. *See* CCSAO Privilege Log [ECF No. 106-2] at 14 (entries CCSAO 001104-4, 001107; CCSAO 001105-06). Although the parties do not address these documents specifically, Plaintiff has already provided authorization for CCSAO to disclose these documents. *See* Agreed Qualified HIPAA and Mental Health Protective Order [ECF No. 66] ("The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter

14

are hereby authorized to receive, subpoena, and transmit medical information/'protected health information' (also referred to herein as 'PHI'), mental health information, and drug and alcohol treatment/rehabilitation information pertaining to Nelson Gonzalez. . ."). Therefore, there is no reason for CCSAO to withhold Plaintiff's medical records from him and the Court orders CCSAO to produce Plaintiff's medical records.

With respect to the victim's medical records, Plaintiff says CCSAO "fails to provide any specific basis for withholding medical records or medical information of individuals whose allegations are relevant to issues in this litigation." Motion [ECF No. 106] at 14. Again, while Plaintiff does not specifically describe why or how this information is relevant or proportional to the needs of the case, CCSAO also does not dispute that the victim's medical records could be relevant to Plaintiff's claims related to his alleged wrongful and malicious prosecution for the victim's murder.

CCSAO argues given the "broad intent" of HIPAA and Illinois laws imposing "limitations on dissemination" of such medical records, CCSAO is "a covered entity under state and federal law" and therefore CCSAO has "no right to share the information without violating the law." Response [ECF No. 110] at 10. CCSAO provides no authority in support of its contention that it is a covered entity subject to HIPAA or state law disclosure limitations in this context, nor does CCSAO address previous court findings that it is not a covered entity under HIPAA. *See Cruz*, No. 23-cv-04268, Dkt. 147 at 11; Reply [ECF No. 114] at 7 (citing *Cruz* order).

CCSAO also cites 42 C.F.R. § 2.32, which it says provides "disclosure of the record or testimony that describes the information in the health record is not permitted in any civil proceeding in any federal or state court absent" a waiver from the patient. Response [ECF No. 110] at 9. This section of the regulations pertains "to the use and disclosure of substance use disorder patient records" and CCSAO does not explain how such records are at issue. *See* 42 C.F.R. § 2.2. Moreover, CCSAO's characterization of 42 C.F.R. § 2.32 is inaccurate. This regulation provides "[e]ach disclosure made with the patient's written consent must be accompanied by one of the following written statements" including a statement that "[t]his record which has been disclosed to you is protected by Federal confidentiality rules (42 CFR part 2)" which "prohibit you from using or disclosing this record, or testimony that describes the information contained in this record, in any civil, criminal, administrative, or legislative proceedings by any Federal, State, or local authority, *against the patient*, unless authorized by the consent of the patient . . ." 42 C.F.R. § 2.32(a)(1) (emphasis added). Even assuming these Part 2 regulations regarding substance use disorder records applied in this case, production of these records would not be for the prohibited purpose of a civil proceeding "against the patient."

CCSAO also cites 720 ILCS 570/318, but again fails to explain why this state law prohibits discovery in federal court. In addition, this Illinois regulation similarly addresses the confidentiality of patient records that do not appear to be at issue. *See* 720 Ill. Comp. Stat. Ann. 570/318(a) (discussing "confidentiality of substance use

disorder patient records" and "the privacy of an individual's prescription data reported to the Prescription Monitoring Program").

Finally, CCSAO asserts that it "cannot disclose protected health information without a court order or a valid HIPAA waiver." Response [ECF No. 110] at 10. Accordingly, the Court now provides that court order. *See also Martinez*, No. 23-cv-01741, Dkt. 203 at 15 (ordering CCSAO to produce victim's medical records). CCSAO is ordered to produce the Plaintiff's and victim's medical records withheld in its privilege log, pursuant to any appropriate confidentiality designations applied by CCSAO under the Confidentiality Protective Order in this case. [ECF No. 91].

## G. CCSAO must produce certain personal identifying information for third parties

Plaintiff seeks to compel CCSAO to produce unredacted versions of documents containing personal identifying information such as names, addresses, phone numbers and birth dates "in accordance with the protective orders entered in this case." Motion [ECF No. 106] at 14-15. Plaintiff acknowledges that "CCSAO may redact information, such as social security numbers, consistent with the protective order in this case" but seeks production of "identifying information for numerous third parties who may have been witnesses" to the underlying crime "or may have been considered alternative third-party perpetrators at some point during the investigation." [*Id.*] Plaintiff says he needs this information, including addresses and dates of birth, so he or his lawyers can attempt to locate individuals with information potentially relevant to Plaintiff's over 30-year-old case. [*Id.*]

The Confidentiality Protective Order allows certain "Redactions of Personal Identifying Information" including that "the responding party shall have the right to redact from all documents produced in discovery social security numbers, dates of birth, as well as, for security reasons, all references to a current or former individual police officer's confidential information about him/herself and his/her family, as follows, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries." Confidential Protective Order [ECF No. 91] at ¶ 6.

The CCSAO Privilege Log identifies several categories of documents with redacted personal identifying information:

- Victim's personal identifying information
- Defendant(s) personal identifying information
- Witnesses' personal identifying information, including date of birth, addresses, phone numbers, driver's license numbers, and social security numbers

*See generally* CCSAO Privilege Log [ECF No. 106-2].

As the Court understands the Motion, however, Plaintiff does not seek to compel personal identifying information for Defendants or for the victim of the underlying crime for which Plaintiff was prosecuted. *See* Reply [ECF No. 114] at 6 ("Plaintiff expressly articulates his particular need for certain personal information" referring to identifying information for "third parties who may have been witnesses" or "may have been considered alternative third-party perpetrators"). For that reason, certain of CCSAO's objections are misplaced and are overruled. *See* Response [ECF No. 110] at 8-9 (referring to protections under Illinois law for crime victim's

information and authorization for redactions under the Confidentiality Protective Order for "home addresses, and personal contact information of attorney's and police officers").[3]

Moreover, Plaintiff acknowledges that CCSAO may redact social security numbers under the Confidentiality Protective Order. Motion [ECF No. 106] at 14. Therefore, the Court does not understand Plaintiff to be seeking to compel production of the social security numbers of potential third-party witnesses or alternative third-party perpetrators.

Plaintiff does seek to compel other personal identifying information for potential third-party witnesses or alternative third-party perpetrators, including addresses and dates of birth. Motion [ECF No. 106] at 14. Plaintiff, as noted above, says he needs this information to identify witnesses to the crime or other individuals who may have been considered as perpetrators, [*id.*], and CCSAO does not provide any response or otherwise refute that such third parties could have potentially relevant information. Response [ECF No. 110] at 8-9. CCSAO acknowledges it is not redacting this information based on any privilege and references more generally its "duty to protect the privacy of the community it serves." [*Id.*] CCSAO cites two Illinois statutes, but neither applies to bar production of the personal identifying information at issue in the Motion. One pertains to crime victim information, 725 ILCS 120/4, which as the Court previously noted does not appear to be at issue as Plaintiff is not

---

[3] The Court notes the Confidentiality Protective Order authorizes redaction of personal identifying information for "current or former individual police officer's" but does not contain any reference to redaction of such information for attorneys. [ECF No. 91].

seeking to compel the victim's personal identifying information (and in any event does not contain provisions barring production of such information in discovery in federal court). The other statute, the Illinois Personal Information Protection Act, 815 ILCS 530, appears inapplicable here as it pertains to disclosure of information by "data collectors" and in any event similarly does not contain any provisions barring production of such information in discovery in federal court. To that end, the Court is persuaded by and adopts the reasoning in *Cruz v. Guevara, et al.*, including that "[n]either of these statutes permits the CCSAO to withhold from federal civil discovery the personal identifying information in the subpoenaed documents" and that CCSAO's privacy concerns with respect to production of the personal identifying information at issue here will be adequately protected by the provisions against public disclosure of such information in the Confidentiality Protective Order [ECF No. 91]. *See id.*, No. 23-cv-04268, Dkt. 147 at 8-11.

The Court agrees with CCSAO, however, that the Confidentiality Protective Order agreed to by the parties in this case allows the redaction of dates of birth. [ECF No. 91] at ¶ 6. While Plaintiff generally contends he needs dates of birth in order to identify potential third-party witnesses or alternative perpetrators, the Court is not persuaded such information is broadly necessary at this time. If that information becomes relevant in the future, Plaintiff will have to make more of a particularized showing. Accordingly, the Court will not order CCSAO to produce unredacted the dates of birth of such third parties at this time. This decision is without prejudice to Plaintiff renewing his request for specific third-party individual's dates of birth if the

other personal identifying information made available to him pursuant to this Order is insufficient to allow Plaintiff to identify any individual(s) that are likely to have relevant information.

Accordingly, the Court orders CCSAO to produce unredacted documents with personal identifying information for third-parties, other than social security numbers and dates of birth which can remain redacted at this time, pursuant to any confidentiality designations applied by CCSAO under the Confidentiality Protective Order in this case. [ECF No. 91].

## III.   CONCLUSION

For all the above reasons, Plaintiff's Motion to Compel Cook County State's Attorney's Office to Produce Unredacted Documents [ECF No. 106] is granted in part and denied in part. Third Party Respondent CCSAO is ordered to produce the withheld LEADS documents, line up related documents, and the Plaintiff's and victim's medical records identified in the CCSAO Privilege Log. CCSAO is further ordered to produce unredacted documents with personal identifying information for third parties, other than social security numbers and dates of birth which can remain redacted. The Court also orders CCSAO to amend its privilege log and Mr. Henretty's declaration, as discussed herein, as to documents withheld or redacted based on the deliberative process privilege by March 31, 2025.

It is so ordered.


Jeffrey T. Gilbert
United States Magistrate Judge

Dated:   March 10, 2025